976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Espiridion MARTINEZ-CORTEZ, Defendant-Appellant.
 No. 91-50861.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Sept. 23, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Martinez-Cortez of importing and possessing 126 pounds of marijuana, 21 U.S.C. §§ 952, 960, and possessing the marijuana with intent to distribute it. 21 U.S.C. § 841(a). Martinez-Cortez did not deny at trial that the vehicle he brought into the United States had large quantities of marijuana concealed in its gas tank. Nor did he contest that he falsely informed the customs inspector that the car he was driving was his own. His only defense was that he agreed to bring a stranger's car across the border in exchange for $100, unaware that marijuana was hidden inside the automobile.
 
 
 3
 The prosecution sought to impeach Martinez-Cortez's credibility by cross-examining him about misrepresentations he had made in the past. Specifically, the prosecution asked defendant if he had ever lied about his name, date of birth or Social Security number; he answered affirmatively to all three questions. RT, vol. II, at 410. Martinez-Cortez does not argue on appeal that these prior misrepresentations were not probative of his tendency toward untruthfulness; he concedes that they were. See Brief for Appellant at 8. Defendant's only argument is that the district court failed to consider the probative value of this evidence in relation to its prejudicial effect. See Fed.R.Evid. 403.
 
 
 4
 "We review the district court's decisions balancing the probative value of evidence against its prejudicial effect for abuse of discretion." United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989); accord United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991). Evidence of Martinez-Cortez's propensity to lie was highly probative. He staked his entire defense upon the jury's acceptance of his version of how he came to possess the marijuana: "Clearly, the case turned upon whether the jury believed or disbelieved defendant." Brief for Appellant at 10. At the same time, special precautions were taken to minimize the risk of any unfair prejudice to the defendant. The court held a side-bar conference and limited the prosecution's questions to whether Martinez-Cortez had lied previously; the government was admonished not to delve into the potentially prejudicial circumstances surrounding these lies. See RT, vol. II, at 407-10.
 
 
 5
 The court did all that was required of it under Rule 403.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3